**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **REBEKAH ORDAZ,**<br>**Petitioner,**<br><br>**v.**<br><br>**CARYN FLOWERS,**<br>**WARDEN OF FCI DANBURY,**<br>**Respondent.** | No. 3:26-cv-467 (SRU) |

**ORDER ON ORDAZ'S SECTION 2241 PETITION**

*Pro se* petitioner, Rebekah Ordaz, is a sentenced inmate in the custody of the federal Bureau of Prisons ("BOP"). She is currently housed at FCI Danbury.[1]

Ordaz has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Pet. for Writ of Habeas Corpus, Doc. No. 1. In her petition, Ordaz challenges the BOP's decision not to reduce her sentence by 12 months after she successfully completed the Residential Drug Abuse Program ("RDAP"). *Id.* at 2. The respondent, Caryn Flowers, who serves as Warden of FCI Danbury, opposes Ordaz's habeas petition and moves for dismissal of Ordaz's petition under Fed. R. Civ. P. 12(b)(6). *See* Resp. to Show Cause Order and Mot. to Dismiss, Doc. No. 11.

I have carefully considered the parties' submissions and the record.[2] For the following reasons, Flowers' Motion to Dismiss, Doc. No. 11, is **GRANTED**, and Ordaz's habeas petition, Doc. No. 1, is **DISMISSED**.

---

[1] *See* BOP, *Inmate Locator*, https://www.bop.gov/inmateloc (Register Number 19643-030) (last visited Oct. 13, 2026). I may take judicial notice of content on the BOP's Inmate Locator website. *See United States v. Rivera*, 466 F. Supp. 3d 310, 313 (D. Conn. 2020).

[2] I consider the record to include material from Ordaz's federal criminal case, of which I may take judicial notice. *See Castro v. Flowers*, 2026 WL 1601850, at *1 n.3 (D. Conn. June 4, 2026) (taking judicial notice of documents in habeas petitioner's federal criminal case) (citing *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006), and *Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)).

## I. Background

Ordaz was convicted of conspiracy to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Judgment, *United States v. Ordaz*, 4:19-cr-00156-004 (S.D. Iowa), Doc. No. 395, at 1. At sentencing, Ordaz received a sentence enhancement for possessing "a dangerous weapon (including a firearm)" at the time of the offense. *See* Pet. for Writ of Habeas Corpus, Doc. No. 1, at 30 (BOP Regional Director's response to Ordaz's grievance appeal indicating that Ordaz received the weapon enhancement). After applying that sentence enhancement, the court sentenced Ordaz to a term of imprisonment of 140 months, to be followed by five years of supervised release. Judgment, *United States v. Ordaz*, 4:19-cr-00156-004 (S.D. Iowa), Doc. No. 395, at 2–3.

While serving her sentence at FCI Danbury, Ordaz filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. In her petition, Ordaz alleges that the BOP refused to reduce Ordaz's sentence by twelve months after she successfully completed the Residential Drug Abuse Program ("RDAP"). Pet. for Writ of Habeas Corpus, Doc. No. 1, at 6. In response, Flowers argues that the petition should be dismissed because Ordaz failed to: (1) state a claim that she remains in custody in violation of federal law; and (2) properly exhaust her administrative remedies before filing her petition. *See* Resp. to Show Cause Order and Mot. to Dismiss, Doc. No. 11, at 4, 8.

Because I agree with Flowers that Ordaz has failed to state a claim that she remains in custody in violation of federal law, I dismiss the petition without considering whether Ordaz properly exhausted her administrative remedies. *See*, *e.g.*, *Boehm v. Pullen*, 2024 WL 126939, at

*1 n.1 (D. Conn. Jan. 11, 2024) (dismissing petition for failure to establish merits of a due process claim without considering respondent's exhaustion argument).

## II. Legal Standards

### a. General Habeas Standard

A federal prisoner may file a habeas petition if she is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of [her] sentence, but challenges instead its execution subsequent to [her] conviction." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citations omitted). Accordingly, habeas petitioners may seek relief under section 2241 to challenge "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citation omitted).

Flowers asserts that the BOP's refusal to reduce Ordaz's sentence after Ordaz completed RDAP may not be challenged via a section 2241 petition. Resp. to Show Cause Order and Mot. to Dismiss, Doc. No. 11, at 5. I disagree. A petition under section 2241 is an "appropriate vehicle" to challenge a BOP decision regarding a prisoner's eligibility for early release based on completion of RDAP. *Wilson v. Baird*, 2012 WL 2154209, at *3 (D. Conn. June 13, 2012).

As the petitioner, Ordaz "bears the burden of proving that [she] is being held contrary to law; and because the habeas proceeding is civil in nature, [she] must satisfy [her] burden of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

### b. Materials to Consider under Rule 12(b)(6)

Flowers moves to dismiss the habeas petition under Fed. R. Civ. P. 12(b)(6). Resp. to Show Cause Order and Mot. to Dismiss, Doc. No. 11, at 1. When deciding a motion to dismiss under Rule 12(b)(6), I must accept the material facts alleged in the petition as true, draw all reasonable inferences in favor of the petitioner, and decide whether it is plausible that the petitioner has a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). Because Ordaz filed her petition *pro se*, I must also construe her filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted).

In assessing a Rule 12(b)(6) motion, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (citations omitted). "When presented with matters outside the pleadings that are not properly considered on a Rule 12(b)(6) motion, a district court can either elect to exclude documents and rule on a motion to dismiss, or consider the documents and 'convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56.'" *Peterson v. Wells Fargo Bank, N.A.*, 2023 WL 4363239, at *2 (2d Cir. July 6, 2023) (summary order) (quoting *Chambers*, 282 F.3d at 154). On the other hand, "a court may consider extrinsic materials on a Rule 12(b)(6) motion without converting it to a [motion for summary judgment] if the materials are either (1) integral to the complaint, or (2) facts appropriate for judicial notice." *Ferry v. Mead Johnson & Co., LLC*, 514 F. Supp. 3d 418, 427 (D. Conn. 2021) (citing *Global Network*

*Communications, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006), and *Chernosky v. Amica Mutual Ins. Co.*, 2018 WL 529956, at *1 n.1 (D. Conn. Jan. 24, 2018)).

Flowers submitted a declaration from a BOP paralegal as part of her response to my Order to Show Cause. *See* Ex. A to Resp. to Show Cause Order and Mot. to Dismiss, Doc. No. 11-1 at 1-6. That declaration is accompanied by several "attachments," including Ordaz's criminal judgment, BOP program statements and procedures, and Ordaz's RDAP and administrative remedy records. *See id.* at 7. I may take judicial notice of Ordaz's criminal judgment and BOP program statements and procedures without converting the motion to dismiss to one for summary judgment. *See United States v. Rivera*, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate locator information); *Nicholson v. Murphy*, 2003 WL 22909876, at *7 n.2 (D. Conn. Sept. 19, 2003) (observing that "[c]ourts have taken judicial notice of the BOP Program Statements"). I may not rely on the BOP paralegal's declaration, however, without converting the motion to dismiss to one for summary judgment. *See*, *e.g.*, *Francis v. Commissioner of Correction*, 2021 WL 3773302, at *2 (D. Conn. Aug. 25, 2021) (converting motion to dismiss to one for summary judgment because petitioner submitted a sworn declaration in response to the motion to dismiss).

Although some courts have concluded that some BOP records are considered "integral" to a habeas petition and that a court may therefore consider those records without converting the motion to dismiss into a motion for summary judgment, I need not rely on the BOP records submitted by Flowers because Ordaz has submitted relevant records herself. *See, e.g.*, *Zenquis v. Pullen*, 2023 WL 2931585, at *4 (D. Conn. Apr. 13, 2023) (considering "records relating to [p]etitioner's exhaustion of remedies" because "the petition attache[d] and relie[d] on [those] records" and those records were "integral" to the section 2241 petition); *see also* Pet. for Writ of

Habeas Corpus, Doc. No. 1 at 30. Because I may decide the motion to dismiss on the merits based on the records Ordaz has submitted with her petition, I will not consider the materials Flowers has submitted with her motion and will decide the motion without converting it to a motion for summary judgment. *See Green v. McLaughlin*, 480 F. App'x 44, 49 (2d Cir. 2012) (summary order) (holding that conversion was not required where court "clearly chose to exclude the additional material attached to the defendants' motion to dismiss" and did not cite to materials other than the complaint); *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999) (stating that if "the court simply refers to supplementary materials, but does not rely on them or use them as a basis for its decision, the 12(b)(6) motion is not converted into a motion for summary judgment"); *Cancel v. Amakwe*, 551 F. App'x 4, 6 (2d Cir. 2013) (summary order) (holding that conversion of motion to dismiss to one for summary judgment "appear[ed] to have been unnecessary" when magistrate judge referenced additional material but "did not rely on the documents for its ultimate recommendation").

## III. Discussion

Under 18 U.S.C. § 3621(e)(2)(B), the BOP "may reduce by up to one year the prison term of an inmate convicted of a nonviolent felony, if the prisoner successfully completes a substance abuse program." *Lopez v. Davis*, 531 U.S. 230, 232 (2001). RDAP is a qualifying substance abuse program. *See United States v. James*, 151 F.4th 28, 43 (2d Cir. 2025) (cleaned up) (noting that RDAP "is an intensive drug treatment program run by the BOP for federal inmates with documented substance abuse problems"). "The BOP has sole discretion to determine an inmate's eligibility for RDAP, as well as to grant or deny sentence reductions upon successful completion of the program[.]" *Id.* (internal citations omitted); *see also Lopez*, 531

U.S. at 239-40 (emphasis in original) (agreeing with the BOP that the BOP "'may,' but also may *not,* grant early release" to an inmate under 18 U.S.C. § 3621(e)(2)(B)).

"As an exercise of the [BOP] Director's discretion," inmates "are not eligible for early release" if they "have a current felony conviction for . . . [a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)" or "[a]n offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another[.]" 28 C.F.R. § 550.55(b). The prisoner's "current felony conviction" need not be for a weapon offense, however, because the BOP may "tak[e] account of preconviction conduct" in determining whether a prisoner is eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) and its implementing regulations. *Lopez*, 531 U.S. at 242. That means that even if a prisoner was not convicted of a weapons offense, the prisoner may still be ineligible for a sentence reduction if the prisoner's sentence was enhanced because the prisoner carried, possessed, or used a dangerous weapon in the commission of the charged offense. *See id.* at 236, 244 (holding that the BOP properly denied RDAP sentence reduction to prisoner whose sentence for a drug conviction was enhanced because he "possessed a firearm in connection with his offense"); *Lasorsa v. Menifee*, 182 F.3d 900 (2d Cir. 1999) (summary order) (affirming district court's denial of habeas petition submitted by prisoner whose sentence was enhanced by his possession of a firearm at the time that drugs were found in his residence).

Here, Ordaz "successfully completed" the RDAP program. Pet. for Writ of Habeas Corpus, Doc. No. 1, at 6. The BOP then determined that Ordaz was ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B), because Ordaz's presentence report "recommended, and the [sentencing] court adopted, a two-point Special Offense Characteristic (SOC)

enhancement for weapons at the time of sentencing." *Id.* at 30. According to the BOP, that weapon enhancement rendered Ordaz "ineligible for early release consideration because" it "presented a potential risk of physical force against the person or property of another and involved the possession of a dangerous weapon." *Id.*

"[T]he Supreme Court has upheld the BOP's discretion to determine the eligibility of inmates for early release under 18 U.S.C. § 3621(e)(2)(B) and categorically exclude prisoners based on a special offense characteristic described in 28 C.F.R. § 550.55(b)(5)(ii)." *Wilson*, 2012 WL 2154209, at *4. Accordingly, I conclude that Ordaz has not sufficiently alleged that the BOP abused its discretion in violation of the Constitution or federal law by denying her a sentence reduction. *See id.* (concluding that the BOP did not abuse its discretion by denying RDAP sentencing reduction to prisoner who had earlier received a sentence enhancement because her offense involved the carrying, possession, or use of a dangerous weapon); *see also Hartman v. Zickefoose*, 2007 WL 1097081, at *2 (D. Conn. Apr. 4, 2007) (same); *Popperwill v. Baird*, 2012 WL 1143651, at *2 (D. Conn. Apr. 4, 2012) (same). Accordingly, Ordaz's habeas petition fails to state a claim that she "is being held contrary to law." *Skaftouros*, 667 F.3d at 158.

## IV. CONCLUSION

For the foregoing reasons, Flowers' Motion to Dismiss, Doc. No. 11, is **GRANTED**, and Ordaz's habeas petition, Doc. No. 1, is **DISMISSED**.

The Clerk is instructed to close this case.

**SO ORDERED** at Bridgeport, Connecticut this 13th day of October 2026.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge